UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCKSLEY O. WADE,<br><br>      Plaintiff,<br><br>      v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,<br><br>      Defendant. | Civil Action<br>No. 21-11595 (CPO)<br><br>**OPINION** |

**Appearances:**

Locksley O'Sullivan Wade
LAW OFFICE OF LOCKSLEY O. WADE, LLC
11 Broadway
Suite 615
New York, NY 10004

    *On behalf of Plaintiff Locksley O. Wade.*

Aileen E. Mctiernan
LOCKE LORD LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281

    *On behalf of Defendant Pennsylvania Higher Education Assistance Agency.*

**O'HEARN, District Judge.**

## INTRODUCTION

Pending before the Court is a Motion to Dismiss (ECF No. 23) filed by Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA"), arguing that the Second Amended Complaint (ECF No. 19) filed by Plaintiff Locksley O. Wade should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court will **GRANT** Defendant's Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff began repayment on his student loans in 1995. (Sec. Am. Compl., ECF No. 19 ¶ 7). He was approved for a Direct Subsidized Consolidation Loan and a Direct Un-Subsidized Consolidation Loan through the William D. Ford Federal Direct Loan Program Income Contingent Repayment Plan on July 26, 1995. (Sec. Am. Compl., ECF No. 19 ¶ 7, 9). Between August 30, 1995—when Plaintiff commenced repayment on his student loans—and the present, he has proceeded under an Income Contingent Repayment Plan or Income-Based Repayment Plan. (Sec. Am. Compl., ECF No. 19 ¶ 9).

Plaintiff applied for loan forgiveness on his twenty-fifth year of repayment and Defendant denied his application. (Sec. Am. Compl., ECF No. 19 ¶ 21). Defendant notified Plaintiff that because Plaintiff was moved to a new Income-Based Repayment Plan on April 28, 2019, Plaintiff must continue making payments for an additional twenty-five years to be eligible for loan forgiveness. (Sec. Am. Compl., ECF No. 19 ¶ 21).

---

[1] Since the Motion comes before the Court under Rule 12(b)(6), the Court accepts the factual allegations in the Second Amended Complaint as true and will view all facts in the light most favorable to Plaintiff as the non-moving party. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

On May 20, 2021, Plaintiff filed his first Complaint with this Court. (ECF No. 1). He amended his Complaint the first time on June 6, 2021, (ECF No. 9), and then again on August 30, 2021. (ECF No. 19). Defendant then filed its Motion to Dismiss the Second Amended Complaint on September 27, 2021, (ECF No. 23), which the Court now addresses.

## II.     LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). To determine the sufficiency of the complaint, "[c]ourts may consider matters of public record, exhibits attached to the complaint, and undisputedly authentic documents." *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 fn.2 (3d Cir. 2006) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); then citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); and then citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A district court, in deciding a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim."

*Twombly*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (quoting *Twombly*, 550 U.S. at 570).

### III.   DISCUSSION

The breach of contract theory set forth in Plaintiff's Second Amended Complaint is predicated on the assertion that he is a third-party beneficiary of the servicing agreement executed between Defendant PHEAA and the U.S. Department of Education ("Servicing Agreement").[2] (ECF No. 19 ¶ 25, Exh. A). The Court disagrees and concludes that Plaintiff has failed to state a claim for breach of contract (Count I) or unjust enrichment (Count II) because he is not a third party beneficiary of the Servicing Agreement and, even if he was, he has not identified a specific provision of the agreement that Defendant allegedly violated.

On a preliminary note, the Court will address which law applies to this claim: whether these claims are state law contract claims to which New Jersey law applies, or whether the federal contract at the base of Plaintiff's claims requires the application of federal common law. Finding no conflict in the two bodies of law, the Court need not resolve this issue and will proceed under New Jersey law. *Jama v. U.S. I.N.S.*, 334 F. Supp. 2d 662, 686 (D.N.J. 2004) (finding no material disagreement between New Jersey and Federal law on the issue of third party beneficiary status

---

[2] The Court will consider the Servicing Agreement in its review of this Motion as the agreement was attached to the Second Amended Complaint. *See Delaware Nation*, 446 F.3d at 413 fn.2.

4

under government contracts); *Angleton v. Pierce*, 574 F. Supp. 719, 735 (D.N.J. 1983) (noting that both federal and New Jersey common law apply the same "general principle . . . that a third party acquires enforceable contract rights if the parties to the contract intended to confer a benefit upon him, but not if he benefits only incidentally from the contract"), *aff'd* 734 F.2d 3 (3rd Cir. 1984).

Under New Jersey law, "[t]o determine whether a person qualifies as a third-party beneficiary, the test is whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts." *Werrmann v. Aratusa, Ltd.*, 630 A.2d 302, 305 (N.J. App. Div. 1993) (quoting *Rieder Communities, Inc. v. North Brunswick Tp.*, 546 A.2d 563, 566 (1988)) (internal quotations omitted). "The contractual intent to recognize a right to performance in the third person is the key. If that intent does not exist, then the third person is only an incidental beneficiary, having no contractual standing." *Broadway Maintenance Corp. v. Rutgers, State University*, 447 A.2d 906, 909 (1982) (citing Restatement (Second) of Contracts § 302 (1979)).

Plaintiff has provided the Servicing Agreement as Exhibit A to his Second Amended Complaint, but has not pointed to any language that evidences an intent to make student loan borrowers third party beneficiaries with rights of enforcement. Based on the Court's independent reading of the agreement, there is a specific section that expressly grants third party beneficiary rights to "the party whose name appears on the restrictive legend" in the event of unauthorized disclosure of propriety information. (Servicing Agreement, ECF No. 19 Exh. A, B.8(c)(2)). Notably, the Servicing Agreement does not include any similar language with respect to student loan borrowers. There is no indication that the parties contemplated, much less intended, that third parties be granted a right of action under the Servicing Agreement. *See Travis v. Navient Corp.*, 460 F. Supp. 3d 269, 284–85 (E.D.N.Y. 2020) (finding that the absence of language granting third

party beneficiary rights to student loan borrows in a contract that expressly provided third party beneficiary rights to Sallie Mae "implie[d] that the parties to the Servicing Contract did not intend to make the borrowers third-party beneficiaries of their agreement").

Moreover, the Higher Education Act ("HEA") "expressly empowers only the Secretary of Education . . . with the authority to enforce the HEA and rectify HEA violations." *Bennett v. Premiere Credit of N. Am., LLC*, 504 F. App'x 872, 875 (11th Cir. 2013) (internal quotations and citations omitted). Therefore, there is no private right of action under the HEA. *Id.* This is an additional factor that militates against finding that Plaintiffs are third-party beneficiaries under the Servicing Agreement and can therefore sue to enforce it.

Accordingly, the Court concludes that student loan borrowers, including Plaintiff, are incidental and not intended beneficiaries and are thus not entitled to sue under the Servicing Agreement. This conclusion is consistent with those of other district courts. *See e.g. Love v. Pa. Higher Educ. Assistance Agency*, No. 19-02387, 2020 WL 1545798, at *8 (N.D. Ga. Mar. 16, 2020) (granting PHEAA's Motion to Dismiss where student loan borrowers' "conclusory assertion" that they are "intended third party beneficiaries" of PHEAA's servicing contract was insufficient to state a claim of breach of contract), *recons. denied*, 2021 WL 673421 (Feb. 22, 2021); *Hyland v. Navient Corp.*, No. 18-9031, 2019 WL 2918238, at *22 (S.D.N.Y. July 8, 2019) (dismissing student borrowers' complaint for failure "to identify any language in the Servicing Contracts that clearly evidences an intent to permit enforcement by the third party in question").

Even if Plaintiff was a third-party beneficiary of the Servicing Agreement, the Second Amended Complaint does not identify a specific provision of the Servicing Agreement which was allegedly violated. Instead, the Second Amended Complaint alleges vaguely that "[a]s a government student loan servicer, Defendant PHEAA is required to follow and adhere to the

Higher Education Act and related laws, rules, regulations, and policies governing the servicing and repayment of student loans as stated in the loan servicing agreement in which Plaintiff is a third-party beneficiary." (Sec. Am. Compl., ECF No. 19 ¶ 17). Therefore, the Court cannot find that the Second Amended Complaint makes the requisite factual allegations that could give rise to a breach of contract claim even if Plaintiff had standing to do so.

Having reviewed the Servicing Agreement and found that Plaintiff does not have third party beneficiary rights to enforce the agreement, the Court finds that amendment would be futile and will dismiss the Second Amended Complaint with prejudice.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 23). An appropriate Order will be entered.


Date: April 13, 2022

       /s/ *Christine P. O'Hearn*
      **Christine P. O'Hearn**
      **United States District Judge**